41 F.3d 757
 309 U.S.App.D.C. 361
 DEMOCRATIC CENTRAL COMMITTEE OF the DISTRICT OF COLUMBIA, et
al., Petitioners,
v.
The WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, Respondent,
D.C. Transit System, Inc., Intervenor
(Declaration of Trust Agreement).
 Nos. 21865, 24398, 24415 and 24428.
 United States Court of Appeals,
District of Columbia Circuit.
 Dec. 23, 1994.
 
 Before: BUCKLEY and RANDOLPH, Circuit Judges, and MacKINNON, Senior Circuit Judge.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion of the NationsBank Trust Company, N.A. (NTC), to adopt and execute a Declaration of Trust Agreement in one of the forms annexed to that motion so as to enable the Riders' Fund to apply for and secure tax exempt status under federal and state law, it is
 
 
 2
 ORDERED, by the Court, that the motion is hereby granted and the Court hereby adopts and executes a Declaration of Trust Agreement in the form attached hereto.
 
 THE RIDERS' FUND TRUST
 
 3
 THIS DECLARATION OF TRUST made as of the 26th day of February 1990, by the United States Court of Appeals for the District of Columbia Circuit (the "Court") to effectuate the Order entered by the Court on February 26, 1990 (the "Order") in pending Consolidated Cases Nos. 21865, 24398, 24415 and 24428 (the "Cases") which, inter alia, (a) approved a Further Amended Agreement of Compromise and Settlement (the "Agreement") entered into by various of the parties in the aforesaid consolidated four cases, (b) created the Washington Metropolitan Area Riders' Fund (the "Riders' Fund" or the "Trust") as the entity to collect, receive and realize amounts of restitution which the Court, in the exercise of its equitable discretion, has decreed that D.C. Transit System, Inc. shall make, such restitutionary funds and property thereafter to be employed and distributed for the benefit of the users of bus and other public mass transit services and facilities in the Washington Metropolitan Area in such manner and for such specific purposes as the Court, in the exercise of its expressly retained plenary jurisdiction, from time to time shall direct, and (c) approved the appointment of NationsBank Trust Company, N.A. (formerly known as Security Trust Company, N.A.) as escrow agent/depositary of the Riders' Fund to perform various duties as described in the Order, the Agreement and in an Agreement to Act as Escrow Agent-Depositary appearing as Exhibit 1 to the Order ("Escrow Agreement") as from time to time amplified by the further instructions of the Court and subject to the continuing supervision, control and approval of the Court.
 
 
 4
 The purpose of this Declaration of Trust is to provide an organizing document which (a) serves to formalize the manner in which the Riders' Fund, since its creation on February 26, 1990, has existed and functioned as an instrumentality of the Court, and (b) enables the Trust to seek tax-exempt status under Section 501(c) of the Internal Revenue Code of 1986 (the "Code") and consistent with applicable regulations.
 
 ARTICLE ONE
 PURPOSE OF THE TRUST
 
 5
 The purpose of the Trust is to provide the Riders' Fund with a formal structure which can function under the supervision and control of the Court for the sole and exclusive purpose of implementing the provisions of the Order, as amended from time to time, by utilizing the resources becoming available to the Riders' Fund to promote and improve the nature, scope and quality of the mass public transportation services and facilities afforded the riders of the Washington Metropolitan Area, thereby lessening the burdens of government and promoting the general welfare and common good of that community.
 
 
 6
 The Trust shall operate exclusively for the promotion of social welfare, and it shall seek to qualify as an exempt organization within the meaning of Section 501(c)(4) of the Code. The Trust shall not engage in, or expend any of its assets for, any activities that are prohibited under Section 501(c)(4) of the Code or which are otherwise inconsistent therewith. The Trust shall not be organized or operated for profit, and no part of the net earnings of the Trust shall inure to the benefit of any private shareholder or individual.
 
 ARTICLE TWO
 TRUST ASSETS
 
 7
 The Trust Assets shall consist of all monies deposited in, earned by or paid to the Riders' Fund and all other property and rights of whatever kind now or hereafter possessed by the Trust as a consequence of the Agreement and Order including, without limitation, the Trust's exercise of its rights against others as claimant, creditor or otherwise. The Trust Assets may also include such additional funds as are transferred to the Trustee from time to time, subject to the approval of the Court, such funds to be held and administered according to the terms of this Declaration of Trust. All funds and property of the Trust shall be held and managed in trust by the Trustee consistent with the purposes of the Agreement and Order and as set forth in ARTICLE ONE.
 
 ARTICLE THREE
 USE OF THE TRUST ASSETS
 
 8
 The Trustee shall have the power and authority, subject to the direction and prior approval of the Court, to disburse and use the Trust Assets for the administration of the Trust and exclusively to further and improve the nature, quality and scope of the bus and other public mass transportation services and facilities afforded to the citizens of the Washington Metropolitan Area. In determining which projects and other activities the Trust shall undertake to make supporting awards, the Court, or the Trustee at the instruction of the Court, shall invite the submission for the Court's consideration of the comments, views and recommendations of the parties to the Agreement, the Washington Metropolitan Area Transit Commission, the Washington Metropolitan Area Transit Authority, the District of Columbia Government and, to the extent practicable, the users of public mass transportation services in the Washington Metropolitan Area or representatives thereof. It is the intention of the Court that the Trust shall not be of extended duration, and that its assets shall be distributed to further the purposes of the Trust as promptly as is consistent with the taking of all reasonable efforts to collect all amounts to which the Trust is or becomes entitled and to realize the fair value of the Trust Assets.
 
 ARTICLE FOUR
 THE TRUSTEE
 
 9
 4.1 Appointment of Trustee and Successor Trustee(s). The Court appoints NationsBank Trust Company, N.A. to serve as Trustee. Any Successor Trustee(s) shall be appointed only by the Court.
 
 
 10
 4.2 Additional Trustee(s). The Court may, at its discretion, appoint additional Trustee(s) to act with the Trustee. Each additional Trustee shall have all powers which are granted to the Trustee.
 
 
 11
 4.3 Action by Unanimous Decision. Whenever there are more than two Trustees acting under this Trust Agreement, such Trustees shall act by unanimous decision. Unless the context otherwise requires, the term "Trustee" shall mean NationsBank Trust Company, N.A. and any Successor or additional Trustee(s).
 
 
 12
 4.4 Resignations. The Trustee may resign at any time by delivering an acknowledged instrument to that effect to the Court.
 
 
 13
 4.5 Removal. The Trustee may be removed at any time by the Court, for any reason whatsoever.
 
 
 14
 4.6 Powers of Additional and Successor Trustee(s). Each additional and successor Trustee shall have all rights and discretion that are granted to the original Trustee. No additional or successor Trustee shall incur any liability as a result of qualifying as a Trustee before receiving an account of the previous administration of the Trust.
 
 
 15
 4.7 Waiver of Bond. No Trustee shall be required to give any bond or security in any court or jurisdiction.
 
 
 16
 4.8 Indemnification. The Trustee shall be indemnified from the Trust Assets, to the fullest extent permitted by law, against any liability incurred in connection with the performance of its duties hereunder, including expenses incurred in connection with the defense of any action, suit, or proceeding in which the Trustee is made a party by reason of being, or having been, such Trustee.
 
 
 17
 4.9 Compensation. The Trustee shall be entitled to compensation for its services hereunder in the manner provided for in the Escrow Agreement, subject to such revisions as the Court from time to time may make, upon application of the Trustee to insure that the Trustee is fairly compensated for all of the duties it performs under this Trust. In addition, the Trustee shall be entitled to reimbursement of all reasonable expenses it incurs as Trustee under this Trust, subject to the approval of the Court.
 
 
 18
 4.10 Records and Reporting Requirements. The Trustee shall keep accurate records concerning the Trust Assets. The Trustee shall furnish to the Court each four months a full accounting of the Trust's receipts, disbursements and investments during the period and a statement of Trust Assets. The Trustee shall also prepare and file all required tax and other reports with Federal, State (including the District of Columbia) and local authorities.
 
 ARTICLE FIVE
 POWERS AND DUTIES
 
 19
 5.1 General Powers. The Trustee is granted all powers conferred by law, such powers to be exercisable within the limits of the applicable rule against perpetuities, even after the Trust terminates, until final distribution. Their exercise shall be binding upon all persons interested in, or claiming an interest in, the Trust.
 
 
 20
 5.2 Specific Duties. The Trustee shall administer the Trust subject to the supervision and control of the Court and the provisions hereof. Without derogating from the scope of its lawful powers as aforesaid, the Trustee shall take all appropriate action it deems practicable (a) to administer the Trust, (b) to marshall all assets of and undertake to collect all sums due the Trust and otherwise to realize upon all rights and claims which the Trust may possess or become entitled under or as a consequence of the Escrow Agreement and Order, as amended from time to time, (c) to maintain, improve, deal in or otherwise act to obtain the fair value of the Trust Assets, and (d) in its sole discretion to prosecute and defend against and, with the consent of the Court and upon at least 15 days' notice to the parties in the Cases in those instances where amounts or values greater than $25,000 are involved, to compromise and settle all claims and actions necessary to achieve the foregoing objects. To those ends, the Trustee is authorized to employ attorneys and necessary consultants and experts such as appraisers, architects, title abstractors, surveyors and engineers.
 
 
 21
 5.3 Certain Limitations. In acting hereunder, the Trustee shall secure the approval or other sanction of the Court for its borrowing of funds, for the sale, lease, encumbrance or other disposition of Trust properties, for the entry into any commitment necessary for the administration of the Trust as likely would entail an obligation exceeding $25,000 and, save as provided in the aforesaid Escrow Agreement, for all disbursements of Trust funds of whatever kind. Nothing herein contained shall authorize or empower the Trustee, except as may be previously and expressly authorized by an order of the Court, to enter into any commitment or undertaking respecting the disposition or application of Trust assets to further the purposes of the Trust as described in ARTICLE ONE.
 
 ARTICLE SIX
 CONTINUING JURISDICTION OF THE COURT
 
 22
 Consistent with the Order, the Court shall retain its jurisdiction in full over the Agreement and the Trust. The Court reserves the power to modify, as required, the provisions of the Trust, but the Court, save as provided in ARTICLE EIGHT hereof, disclaims the exercise of any power to alter the purposes of the Trust as set forth in the ARTICLE ONE or to provide for the use or disbursement of Trust Assets other than in furtherance of such purposes, except with the prior approval, as necessary, of the Internal Revenue Service.
 
 ARTICLE SEVEN
 TERMINATION
 
 23
 This Trust shall terminate at the earlier of
 
 
 24
 (a) exhaustion of income and principal pursuant to the uses and purposes for which this Trust is established; or
 
 
 25
 (b) upon the transfer, taken with the prior approval or direction of the Court, of all of the assets of the Trust to one or more successor entities which are qualified under Section 501(c)(3) or Section 501(c)(4) of the Code, or to the Federal, a State (including the District of Columbia) or local government or comparable governmental entity for a public purpose, or exclusively for a public purpose as the Court shall determine, consistent with the Order.
 
 ARTICLE EIGHT
 TAX STATUS AMENDMENTS
 
 26
 8.1 In the event that it may be desirable at any future time for the Trust to seek tax-exempt status under Section 501(c)(3) of the Code--
 
 
 27
 a. the Court may enter an Order which amends Articles One and Seven of this Declaration of Trust in the manner set forth in subparagraphs 8.2 and 8.3 of this Article, or
 
 
 28
 b. the Trustee may file a Notice of Amendment with the Court, the filing of which shall cause Articles One and Seven of this Declaration of Trust to be amended as set forth in subparagraphs 8.2 and 8.3 of this Article. Unless the Court shall otherwise direct, such amendments shall become effective thirty (30) days after the filing of the Notice of Amendment with no further action or approval being required of the Court.
 
 
 29
 8.2 ARTICLE ONE of this Declaration of Trust is hereby amended so as to delete said provision in its entirety, and the following paragraphs are substituted thereto:
 
 
 30
 The purpose of the Trust is to provide the Riders' Fund with a formal structure which can function under the supervision and control of the Court for the sole and exclusive purpose of implementing the provisions of the Order, as amended from time to time, by utilizing the resources becoming available to the Riders' Fund to promote and improve the nature, scope and quality of the mass public transportation services and facilities afforded the riders of the Washington Metropolitan Area, thereby lessening the burdens of government and promoting the general welfare and common good of that community.
 
 
 31
 The Trust shall operate exclusively for charitable purposes within the meaning of Section 501(c)(3) of the Code and shall not engage in, or expend any of its assets for, any activities that are prohibited under Section 501(c)(3) of the Code or which are otherwise inconsistent therewith. No part of the net earnings of the Trust shall inure to the benefit of any private shareholder or individual. No substantial part of the activities of the Trust shall consist of attempting to influence legislation. The Trust shall not participate or intervene in any political campaign.
 
 
 32
 Any other provisions of this Declaration of Trust notwithstanding, in the event that the Trust is deemed to be a private foundation within the meaning of Section 509(a) of the Code, the Trustee will distribute its income for each tax year at such time and in such manner so that it will not become subject to the tax on undistributed income imposed by Section 4942 of the Code, or corresponding provisions of any later federal tax laws. Any other provisions of this Declaration of Trust notwithstanding, the Trustee will not engage in any act of self-dealing as defined in Section 4941(d) of the Code, or corresponding provisions of any later federal tax laws; nor retain any excess business holdings as defined in Section 4943(c) of the Code, or corresponding provisions of any later federal tax laws; nor make any investments in a manner that would incur tax liability under Section 4944 of the Code, or corresponding provisions of any later federal tax laws; nor make any taxable expenditures as defined in Section 4945(d) of the Code, or corresponding provisions of any later federal tax laws.
 
 
 33
 8.3 ARTICLE SEVEN, subparagraph (b) of this Declaration of Trust is hereby amended to read as follows:
 
 
 34
 (b) upon the transfer, taken with the prior approval or direction of the Court, of all of the assets of the Trust to one or more successor entities which are qualified under Section 501(c)(3) of the Code, or to the Federal, a State (including the District of Columbia) or local government or comparable governmental entity for a public purpose, or exclusively for a public purpose as the Court shall determine, consistent with the Order.
 
 ARTICLE NINE
 GOVERNING LAW
 
 35
 This Trust Agreement shall in all respects be construed and interpreted
 according to the laws of the District of Columbia.
 IN WITNESS WHEREOF, the Court, acting through one of its Judges for the
 panel, and the Trustee have hereunto set their hands with effect as from
 February 26, 1990.
 __________________________
 United States Circuit Judge.
 The foregoing DECLARATION OF TRUST and all of its terms and provisions are
 ADOPTED AND APPROVED by the Order of the United States Court of Appeals for
 the District of Columbia Circuit entered __________ and made effective as to
 this DECLARATION OF TRUST as of February 26, 1990.
 ATTEST:
 ________________________
 Clerk
 AGREED TO AND ACCEPTED AS Trustee
 NationsBank Trust Company, N.A. hereby signifies its agreement with all of
 the terms and conditions of the foregoing Declaration of Trust and its accep
 tance of the duties therein prescribed for it in its capacity as Trustee of
 said Trust.
NATIONSBANK TRUST COMPANY, N.A.
 By: _____________________
 Vice-President
 DISTRICT OF COLUMBIA) s.s.
 On the ___________ day of ___________, 1994, before me personally came
 ___________________, to me known, who being by me duly sworn, did depose and
 say: that he resides at ___________________; that he is a Vice-President
 of NATIONSBANK TRUST COMPANY, N.A., the corporation described in and which
 executed the foregoing Declaration of Trust; and that he signed his name
 thereto by order and direction of the Board of Directors of the corporation.
 ________________________
 Notary Public
 My Commission expires: __________